## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ADIA A. WASHINGTON, | : | CASE NO. 3:18-cv-02804 |
| | : | |
| Plaintiff, | : | JUDGE HELMICK |
| | : | |
| v. | : | |
| | : | |
| MERCHANTS' CREDIT GUIDE CO., | : | **MOTION TO STAY DISCOVERY** |
| | : | |
| Defendant. | : | |

Pursuant to Federal Rule of Civil Procedure 26, Defendant Merchants' Credit Guide, Inc. ("MCG") respectfully moves this Honorable Court for an order staying discovery pending the Court's ruling on MCG's contemporaneously filed Motion to Dismiss. The reasons for this Motion are set forth more fully in the attached Memorandum.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/David B. Shaver*
Jeffrey C. Turner (0063154)
David B. Shaver (0085101)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
jturner@sdtlawyers.com
dshaver@sdtlawyers.com
*Counsel for Defendant*

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

On January 30, 2019, MCG filed a Motion to Dismiss Plaintiff Adia D. Washington's ("Plaintiff") Complaint.  *See* Doc. #11.  MCG's Motion to Dismiss rests on purely legal arguments for which no discovery is required.  MCG argues in its Motion to Dismiss that Plaintiff fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).  The Court can resolve MCG's Motion purely by reviewing the allegations of the Complaint at issue and the materials attached to the Motion to Dismiss, and considering the applicable legal authorities that are raised in MCG's Motion.  No discovery is necessary.  As such, this Court should stay discovery pending its decision on MCG's Motion to Dismiss.

### II.    ARGUMENT

MCG's Motion to Stay Discovery should be granted because the Federal Rules of Civil Procedure provide this Court with broad discretion to protect a defendant from the expense, undue burden, and annoyance of having to respond to discovery while it has a motion pending that may dispose of the entire litigation.  It could prove to be a waste of judicial and party resources to require discovery to proceed while a dispositive motion is pending.

#### A.     It Is Well Established That This Court Can Stay Discovery While MCG's Dispositive Motion Is Pending.

District courts enjoy broad discretion in controlling discovery.  *See Conti v. Am. Axle & Mfg.*, 326 Fed. Appx. 900, 903-04 (6th Cir. 2009).  Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery.  *See Hohman v. Eadie*, 894 F.3d 776, 786 (6th Cir. 2018).  Rule 26(c) allows this Court to issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

26(c)(1).  Further, Rule 26(d) authorizes this Court to dictate the timing and sequence of discovery. Controlling discovery includes managing the scope of discovery.  *See Hohman*, 894 F.3d at 786.

Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.  *See Pollard v. Wood*, 2006 WL 782739, *2 (E.D. Ky. Mar. 27, 2006), *quoting Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."  *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011), *quoting Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004).  A stay is appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.  *See Muzquiz v. WA Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995); *see also Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).  "Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case-at least as to the moving party. . . ."  *Bilal v. Wolf*, 2007 U.S. Dist. LEXIS 41983 (N.D. Ill. June 6, 2007); *see also In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted.").

Stays of discovery pending a ruling from a court on a motion to dismiss are granted "with substantial frequency."  *See Bilal*, 2007 U.S. Dist. LEXIS 41983, at *2.  "Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery."  *Id.* at *4, *citing Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997).  Such stays have been granted with even greater frequency following the Supreme Court's decision in

*Twombly*, which recognized the need to spare defendant the costs of discovery into meritless claims. *See Dillinger LLC v. Electronic Arts, Inc.*, No. 1:09 cv 1236, 2010 U.S. Dist. LEXIS 139139, at *2 (S.D. Ind. May 11, 2010).  MCG has argued that Plaintiff's claim here is meritless.

**B.   The Court Should Stay Discovery Until It Rules On MCG's Motion To Dismiss.**

In light of the authorities cited above, the Court should exercise its discretion to stay discovery in this matter.  MCG's Motion to Dismiss could resolve this case in its entirety.  MCG has moved to dismiss Plaintiff's entire Complaint because Plaintiff fails to state a claim for which relief can be granted. *See Dillinger*, 2010 U.S. Dist. LEXIS 139139, at *1-2 ("Courts have long exercised [their] discretion to stay discovery after a timely filed motion to dismiss.").  MCG's Motion to Dismiss argues that the letter Plaintiff complains of does not convey the impression that it was sent by a state government or attempt to be coy about being a collection agency, in violation of a section of the FDCPA where liability is generally only found in "egregious situations where the debt collector overtly impersonates a government agency or where it attempts to hide its identity by using a false alias." *Sullivan v. Credit Control Servs.*, 745 F.Supp.2d 2, 11 (D. Mass. 2010).  MCG has also argued that Plaintiff's § 1692f claim is an impermissible restatement of her other claims.

Thus, discovery should be stayed until the Court determines whether Plaintiff's instant claims may proceed.  Otherwise, the parties will perform unnecessary, burdensome, and expensive discovery on a case that may be dismissed in its entirety. *See Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("[*Twombly*] teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that plaintiff's case is a substantial one."); *see also Jupiter Aluminum Corp. v. Sabaitis*, No. 2:16 cv 30, 2016 U.S. Dist. LEXIS 123843, at *19 (N.D. Ind. Sept. 13, 2016), *citing Limestone*

*Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008)) ("the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim.").  MCG has argued that Plaintiff's claim here is meritless.  *See Dillinger LLC*, 2010 U.S. Dist. LEXIS 139139 at *2.

The nature of this case presents even more compelling reasons for the Court to grant this Motion to Stay Discovery.  A stay of discovery is especially important because Plaintiff's claims are based on a fee-shifting statute.  Two scenarios illustrate this point.  First, if discovery goes forward and MCG does not prevail on its motion to dismiss, the prospect of settlement will become less likely, as Plaintiff will demand additional attorneys' fees for engaging in discovery, and MCG's costs will have risen considerably.  If discovery is stayed during the Court's consideration of MCG's Motion to Dismiss, the parties will not expend any additional attorneys' fees partaking in costly discovery expeditions.  If the Court denies MCG's Motion to Dismiss, there will be a brighter prospect for a potential settlement.  Second, if discovery is not stayed and then the Court grants MCG's Motion to Dismiss, the parties will have expended considerable resources partaking in discovery that proved to have provided no benefit.  In order to save both the parties and the Court substantial time, fees, and costs, this Court should stay discovery in this matter until the questions of law that require no discovery, and are currently pending before this Court, are resolved.

III.  **<u>CONCLUSION</u>**

MCG prays that this Honorable Court enter an order staying discovery until further order of the Court which would be sometime after the Court decides MCG's Motion to Dismiss.  Should the Court set this Motion for further briefing or take this Motion under advisement to rule on at a later date, MCG respectfully requests that the Court stay discovery until a decision is issued on

this instant Motion, as well as for the Court to grant any other relief to MCG that the Court deems equitable and just.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/David B. Shaver*
Jeffrey C. Turner (0063154)
David B. Shaver (0085101)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
jturner@sdtlawyers.com
dshaver@sdtlawyers.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing, together with this Certificate of Service, was filed and served this 30th day of January, 2019, via the Clerk's CM/ECF system which will provide notice to all counsel of record.

*/s/David B. Shaver*
David B. Shaver (0085101)