## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ADIA A. WASHINGTON,

        Plaintiff,

v.

MERCHANTS CREDIT GUIDE CO.,

        Defendant.

Case No.: 3:18-cv-02804-JJH

Honorable Judge Jeffrey J. Helmick

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MERCHANTS CREDUIT GUIDE CO.'S MOTION TO STAY DISCOVERY

NOW comes Adia A. Washington ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., filing this Memorandum in Opposition to Merchants Credit Guide Co. ("Defendant") Motion to Stay Discovery ("Defendant's Motion"), and in support thereof states as follows:

### INTRODUCTION

Defendant's Motion asserts that the discovery in the instant matter should be stayed pending a decision on its Motion to Dismiss. The fact Defendant has filed a dispositive motion is the sole reason justifying Defendant's request for a stay. Federal Courts within Ohio have recognized that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens v. Columbus Metro. Library Bd. Of Trs.,* No. 2:10-cv-00219, 2010 U.S. Dist. LEXIS 103399, at *4 (S.D. Ohio. Sept. 16, 2010). As such, because the sole basis for Defendant's Motion is the fact that a dispositive motion has been filed, this fact alone should be deemed insufficient to support the entry of a stay of discovery in this matter. Therefore, Defendant's Motion should be denied in its entirety.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure "permit a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens,* 2010 U.S. Dist. LEXIS 103399 at *1 (quoting Fed. R. Civ. P. 26(c)). District courts have "broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter,* 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999)). In considering whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens,* 2010 U.S. Dist. LEXIS 103399 at *1; *Charvat v. NMP, LLC,* No. 2:09-cv-209, 2009 U.S. Dist. LEXIS 96083, at *1 (S.D. Ohio Sept. 30, 2009). The mere fact "that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens,* 2010 U.S. Dist. LEXIS 103399 at *4

## **ARGUMENT**

### A.  **Defendant's Mere Filing of a Dispositive Motion is Not Sufficient to Justify a Stay of Discovery**

As discussed above, Defendant's Motion bases its request for a stay exclusively on the fact that it has filed a dispositive motion. Defendant asserts, in entirely conclusory fashion, that proceeding with discovery will place an unnecessary burden on it by forcing it to engage in potentially unnecessary discovery. However, this issue has been specifically addressed by federal courts within Ohio, and such courts have rejected nearly identical arguments as those set forth in Defendant's Motion.

In *Bowens,* the court observed that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens,* 2010 U.S. Dist. LEXIS 103399 at *4. The court further noted that the defendants:

2

> [F]ail to explain why conducting discovery will place an unnecessary burden on them. They make no showing whatsoever that proceeding with discovery will be burdensome. Instead, defendants rely solely on the fact that they have a motion for summary judgment pending . . .

*Id.* at *3-4. In recognizing the absence of an indication of the burdensome nature of discovery, the court began by noting that "the duty of preservation – which arises when a party knows that litigation is likely – imposes a cost that is not insubstantial." *Id.* at *4. The court further noted "[i]f documents or other information come into a party's possession as a result of meeting its obligation to preserve evidence, it would be difficult to argue that production of that document would be burdensome." *Id.* Expounding upon its discussion of the non-burdensome nature of particular production, the court added "some discovery imposes little burden – whether directed to the merits or non-merits issues" adding "if a document request can be answered easily by searching the file cabinets of one employee or, by a routine business operations, one database, it is not burdensome." *Id.* at *4-5. Under this rationale, the *Bowens* court denied the defendants motion to stay discovery since the mere filing of a dispositive motion was not sufficient to justify a stay. *Id.* at *5-6. However, the court left open the possibility that, once discovery was served, if any requests were deemed unduly burdensome, the defendants could identify such responses and, if a resolution could not be reached between the parties, court intervention would then address the specific requests. *Id.*

The instant matter is factually analogous to *Bowens*. Like the defendants in *Bowens,* Defendant's sole basis for the justification of a stay is the fact it filed a dispositive motion. Also like the defendants in *Bowens*, Defendant has failed to explain *precisely* how responding to discovery would be burdensome, and instead makes such a showing in entirely conclusory fashion. As it currently stands, Defendant, through its duty to preserve evidence, has already incurred a

certain amount of burden in connection with this litigation. Similarly, as noted by the court in *Bowens,* it would be not be burdensome for Defendant to respond to discovery requests with information and documents which were preserved through Defendant's duty to preserve evidence and which would be readily accessible.

Therefore, much like the court in *Bowens,* the Court should deny Defendant's Motion. Simply relying on the fact that a dispositive motion has been filed is not sufficient to justify the imposition of a stay in this matter.

**B.  The Nature of this Case Counsels Against a Stay of Discovery**

In Defendant's Motion, it asserts that the nature of this case – particularly the fact that Plaintiff's claims are brought under a fee-shifting statute – suggests that a stay should be entered in this matter. *See* Defendant's Motion at 5. However, Defendant's argument that the fee-shifting nature of Plaintiff's claims somehow counsel in favor of entering a stay is meritless. Furthermore, the nature of the case is not particularly complicated, instead presenting relatively straightforward factual and legal arguments. As such, the nature of this case suggests that any discovery in this matter will not be particularly expensive, thus further counseling against granting a stay of discovery.

Defendant argues that the fee shifting nature of Plaintiff's claim favor the issuance of a stay. Defendant asserts that two scenarios highlight this point. First, Defendant argues that if discovery proceeds and Defendant's dispositive motion is denied, then a settlement will be more likely because Plaintiff will not have incurred additional costs and fees in issuing discovery requests. However, such an argument is misguided. Even assuming that it would be proper for a party to attempt to get a stay in order to preserve its settlement leverage, the fact remains that Plaintiff would be free to engage in discovery in the event a stay was entered and Defendant's

dispositive motion was denied. As such, in the scenario identified by Defendant, the mere fact that Plaintiff's incursion of discovery-related attorney's fees would be delayed does not suggest such fees would not ultimately be incurred, illustrating the unpersuasive nature of Defendant's argument.

Second, Defendant argues that if the Court denies its motion to stay and subsequently grants its dipositive motion, then the parties "will have expended considerable resources partaking in discovery that proved to have no benefit." *See* Defendant's Motion at 5. While this may well be true, as discussed in *Bowens,* there is a certain amount of information and documentation which must be preserved through the commencement of litigation and, when such information or documents are readily accessible, it would not be "burdensome" for a party to produce such information or documents. As such, even though the discovery may ultimately prove unnecessary, it does not necessarily follow that engaging in discovery while its dispositive motion is pending would be unduly burdensome or expensive as required for a protective order under Fed. R. Civ. P. 26(c).

Furthermore, Defendant completely overlooks the scenario where a stay is denied and its dispositive motion is also denied. In this scenario, the parties will have proceeded through this case without any unnecessary delays, in turn resulting in the conservation of judicial resources by ensuring that this matter is prosecuted in as efficient and timely a manner as possible.

Finally, Defendant's Motion asserts, in entirely conclusory fashion, that any discovery in this matter will be inherently expensive. However, the nature of this case and the straightforward issues presented therein are not such that this matter will involve an unduly expensive amount of discovery. Plaintiff's claims stem from the nature of a collection letter she received from Defendant, and the Court will be required to determine whether this letter violates various

5

provisions of the Fair Debt Collection Practices Act ("FDCPA"). As such, much of Plaintiff's discovery will focus on showing how *consumers* would view Defendant's collection letters, rather than on information within Defendant's possession that may be burdensome or difficult to obtain. Therefore, the straightforward nature of this case, in combination with the fact that the primary focus of discovery will not necessarily involve Defendant, demonstrates that Defendant's burden in responding to discovery in general is not so burdensome that a stay should be entered in this matter.

## **CONCLUSION**

Defendant's Motion should be denied in its entirety given Defendant's sole justification for the stay in this matter stems from its filing of a dispositive motion. Defendant has failed to set forth precisely how any discovery sought would be unduly burdensome or expensive. The nature of this case and the straightforward issues presented therein further counsels against the entry of a stay. Therefore, Plaintiff requests that the Court deny Defendant's Motion in its entirety, and award any further relief deemed just and appropriate.

Dated: February 13, 2019                    Respectfully submitted,

                                            *s/ Eric D. Coleman*
                                            Eric D. Coleman, #6326734
                                            Admitted in the Northern District of Ohio
                                            Sulaiman Law Group, Ltd.
                                            2500 South Highland Avenue, Suite 200
                                            Lombard, Illinois 60148
                                            Phone: (630) 575-8181
                                            Fax: (630) 575-8188
                                            ecoleman@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Plaintiff, certifies that on February 13, 2019, he caused a copy of the foregoing, **PAINTIFF'S MEMO IN OPPOSITION TO DEFENDANT'S MOTION TO STAY** to be served electronically via CM/ECF system on:

SURDYK, DOWD & TURNER
Attn: David Benajmain Shaver
Attn: Jeffrey C. Turner
8163 Old Yankee Street, Suite C
Dayton, OH 45458
dshaver@sdtlawyers.com
jturner@sdtlawyers.com


*Counsel for Defendant,*
*Merchants Credit Guide Co.*


*s/ Eric D. Coleman*
Eric D. Coleman
