UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Adia A. Washington,                                          Case No. 3:18-cv-2804

        Plaintiff

    v.                                                       MEMORANDUM OPINION
                                                                AND ORDER

Merchants Credit Guide Co.,

        Defendant


## I.   INTRODUCTION

Before me is the motion to dismiss filed by Defendant Merchants Credit Guide Co. (Doc. No. 11). Plaintiff Adia A. Washington filed a memorandum in opposition, (Doc. No. 18), and Defendant replied. (Doc. No. 19).

## II.   BACKGROUND

On June 18, 2018, Defendant Merchants' Credit Guide Co. sent a collection letter to Plaintiff Adia A. Washington. (Doc. No. 11-1). Printed on Defendant's letterhead, the letter first stated Plaintiff's creditor, The Swiss Colony Inc., and the undisputed $232.57 debt Plaintiff owed to this creditor. The body of the letter then stated,

> This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain a verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30

days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please send your payment to us in the enclosed envelope, or, call us or go to our web site to make your payment. If you cannot pay the balance all at once, please call us – we may be able to set you up on a payment schedule.

To insure proper credit to your account, please direct all correspondence, inquiries, and payments to our office. Be sure to reference our file number in your communications.

Sincerely,
Ohio General Business License #1597625
MERCHANTS' CREDIT GUIDE CO.
(888) 249-3811

(*Id.*). Below this was a tear-away portion advising Plaintiff of the methods by which the debt could be paid, including by mail to Defendant's address: 223 W. Jackson Blvd., #700, Chicago, Illinois 60606. (*Id.*). This was same address as Defendant's address identified on the letterhead.

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. DISCUSSION

The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It also prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In this case, Plaintiff alleges Defendant violated both of these sections by including "Ohio General Business License #1597625" in the signature block of the letter. (Doc. No. 1).

To determine whether the use of this language violated these sections of the FDCPA, I must apply the least-sophisticated consumer test. *See, e.g.*, *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. 2014). That is, I must ask objectively "whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). "Although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509-10 (6th Cir. 2007) (citations and internal brackets and quotations omitted).

The FDCPA specifically prohibits: "The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). Plaintiff alleges Defendant did just that by including "Ohio General Business License #1597625" within the signature block of the debt collection letter sent to her.

Plaintiff admits that, in the collection letter, Defendant clearly identifies itself as a debt collector operating in Illinois. (Doc. No. 18 at 17). Plaintiff also admits that "the mere inclusion of an Ohio business license number in a collection letter generally would not run afoul of the provisions of the FDCPA outlined in Plaintiff's Complaint." (*Id.* at 9); *see also Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029-30 (finding no violation when debt collector identified itself as a "licensed collection agency" since it was licensed in the state of Ohio); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1258 (7th Cir. 1994) ("[T]he unsophisticated consumer is likely to understand that being licensed by the State does not mean being vouched for by the State (as in the case of driver's licenses, for example)."). Finally, Plaintiff does not contend Defendant falsely represented itself as an Ohio-licensed debt collector or state that any other part of the letter led her to believe Defendant or the debt Defendant sought to collect was in any way affiliated with the State of Ohio.

With that, the only issue is whether the location of the Ohio General Business License number in the signature block of the letter would mislead the least-sophisticated consumer.

Plaintiff claims, by including this in the signature block, that Defendant gave the false impression that the letter was authorized or approved by the State of Ohio. To support this argument, Plaintiff cites *Sheriff v. Gillie*, 136 S. Ct. 1594 (2016) and *Bednarski v. Postestivo & Assocs., P.C.*, No. 16 CV 02519, 2017 WL 896777 (N.D. Ill. Mar. 7, 2017).

In *Sheriff*, the debt collector was hired as special counsel for the Ohio Attorney General to collect debts owed to the State of Ohio. The collection letters were written on letterhead of the Ohio Attorney General, the body of the letter indicated the debt had been placed with the Ohio Attorney General, and the signature block designated that the letter was from "Special Counsel to the Attorney General for the State of Ohio." *Id.* at 1599. The recipients of these letters filed suit alleging the debt collector had violated § 1692e(9) of the FDCPA "[b]y sending debt collection notices on the Attorney General's letterhead rather than the letterhead of their private firms." *Id.* at

4

1599. The Court disagreed, holding "use of the Attorney General's letterhead conveys on whose authority special counsel writes to the debtor. As a whole, the communication alerts the debtor to both the basis for the payment obligation and the official responsible for enforcement of debts owed to the State, while the signature block conveys who the Attorney General has engaged to collect the debt." *Id.* at 1601.

Likewise, in *Bednarski*, the plaintiff claimed the debt collector violated § 1692e(9) of the FDCPA because "the collection letter [was] 'extremely confusing,' apparently because the signature block indicates that [the debt collector was] an 'Attorney for the United States.'" 2017 WL 896777, at *4. But the debt collector did represent the United States Department of Justice in the matter, as the debt collector stated in the first sentence of the letter. *Id.* Therefore, the court dismissed the claim holding, "when the letter is taken as a whole, no reasonable person could find it deceptive or misleading as to [the debt collector]'s relationship to, affiliation with, or authorization by the United States government." *Id.*

The crux of Plaintiff's argument is found in one line of *Bednarski*: "The signature block merely indicates 'on whose authority [the debt collector] writes to the debtor.'" *Id.* (quoting *Sheriff*, 136 S.Ct. at 1601). But, first, the *Bednarski* court's use of the word "merely" signals the true importance of the signature block alone. Second, although *Bednarski* quotes *Sheriff* for this statement, the *Sheriff* Court stated the letterhead rather than the signature "convey[ed] on whose authority [the debt collector] writes to the debtor." 136 S. Ct. at 1601. *Sheriff* distinguished these two elements of the collection letter, stating, "The letterhead identifies the principal…and the signature block names the agent." *Id.*

Contrary to the letters at issue in *Sheriff* and *Bednarski*, neither the letterhead nor the body of the letter suggest Defendant is acting under any government authority. Further, the signature block does not represent Defendant as a debt collector "to" or "for" the State of Ohio. Rather, the

letterhead, body of letter, and signature block "accurate[ly] and truthful[ly]" identify Defendant as a debt collector, located in Chicago, Illinois, and licensed in the State of Ohio. *See Consumer Prot. Bureau v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 1:17 CV 817, 2018 WL 3575882, at *2 (N.D. Ohio July 25, 2018) (quoting *Sheriff*, 136 S. Ct. at 1600-01 (further quotation omitted)) ("A demand letter is not false or misleading for using letterhead that 'accurately describes the relevant legal entities,' had an accurate and truthful signature block, and includes a 'conspicuous notation that the letter is sent by a debt collector.'").

Taken as a whole, even the least-sophisticated consumer would not believe Defendant was authorized to send the letter by the State of Ohio from the Ohio General Business number in the signature block. *See Schnapf v. Merchs. Credit Guide Co.*, No. 3:18-cv-00238, Doc. No. 35 (S.D. Ind. Sept. 26, 2019) (unpublished but filed here as Doc. No. 20-1). Therefore, because the inclusion of "Ohio General Business License #1597625" in the signature block alone is neither misleading, unfair, nor unconscionable, Plaintiff's claims under § 1692e and § 1692f must fail.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Because I have ruled on the motion to dismiss and this case is closed, the motion to stay discovery is denied, as moot. (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge